J-S64029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON LAWRENCE VANSPLINTER, | |
| Appellant | No. 155 MDA 2017 |

Appeal from the Judgment of Sentence December 7, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000513-2016, CP-35-CR-0002734-2015

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 03, 2017**

Brandon Lawrence Vansplinter ("Appellant") appeals the judgment of sentence imposed after he pled guilty to one count of delivery of a controlled substance, one count of homicide by vehicle while driving under the influence, and one count of driving under the influence ("DUI").[1] We affirm.

In August and September of 2015, Appellant sold Oxycodone to a confidential informant who worked for the Pennsylvania State Police. The police filed a criminal complaint at docket number CP-35-CR-0002734-2015 ("2734-CR-2015") on October 30, 2015, charging Appellant with multiple

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 75 Pa.C.S. § 3735(a), and 75 Pa.C.S. § 3802(d)(2), respectively.

drug related offenses. Appellant waived a preliminary hearing, and the Commonwealth filed a two-count criminal information on January 12, 2016.

On November 27, 2015, while under the influence of heroin and Xanax, Appellant drove his vehicle into the back of a tractor trailer, killing his girlfriend/passenger, Carly Otto ("the victim"). The police filed a criminal complaint at docket number CP-35-CR-0000513-2016 ("513-CR-2016") on February 24, 2016, charging Appellant with homicide by vehicle (DUI), DUI, and other criminal offenses. Appellant waived a preliminary hearing, and the Commonwealth filed a thirteen-count criminal information on April 7, 2016.

Pursuant to a negotiated plea agreement, Appellant pled guilty at both dockets, as indicated above, on September 12, 2016, in exchange for the Commonwealth entering *nolle prosequis* on the remaining charges. The trial court sentenced Appellant on December 7, 2016, to incarceration for an aggregate term of five years to eleven years, which fell within the aggravated sentencing range. Appellant filed a post-sentence motion on December 16, 2016, seeking reconsideration of his sentence. The trial court denied Appellant's motion by order dated December 20, 2016, and filed on January 11, 2017. This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two questions for our consideration:

1.    Did the trial court abuse its discretion by imposing a sentence at the highest end of the aggravated range of the

- 2 -

Pennsylvania Sentencing Guidelines, by failing to consider the relevant sentencing criteria of the Pennsylvania Sentencing Code within 42 Pa.C.S.A. § 9721(b), failing to consider mitigating circumstances, erroneously finding that [Appellant] committed homicide by vehicle – DUI while on bail to justify the aggravated sentence and, then, by failing to state sufficient reasons on the record for the sentence imposed?

2.     Did the trial court err and/or abuse its discretion in failing to run the sentences in homicide by vehicle – DUI and controlled substance cases concurrent to one another?

Appellant's Brief at 4.

Appellant's issues challenge the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

[a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

- 3 -

*Id.* at 170 (citation and internal brackets omitted).

Herein, the first, second, and third requirements of the four-part test are met: Appellant brought a timely appeal, challenged his sentence in a post-sentence motion, and included in his brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Notice of Appeal, 1/18/17; Post-Sentence Motion, 12/16/16; Appellant's Brief at 17. Thus, we turn to whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912–913 (Pa. Super. 2000). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the

merits." ***Commonwealth v. Knox***, 165 A.3d 925, 929 (Pa. Super. 2017) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)).

In his petition for allowance of appeal, Appellant argues that the trial court imposed an aggravated-range sentence without considering mitigating factors. Appellant's Brief at 17 (Pa.R.A.P. 2119(f) Statement, 9/19/17, at ¶¶ 10, 12, 13, 16, 17). Appellant also asserts that the aggravated-range sentence was manifestly excessive, too severe a punishment, and based on erroneous and improper factors. ***Id.*** (Rule 2119(f) Statement at ¶¶ 11, 15, 18). Appellant concludes that his sentence violates the Pennsylvania Sentencing Code and fundamental norms of sentencing, and, therefore, he has presented a substantial question for allowance of this appeal. ***Id.*** at ¶ 19. The Commonwealth objects, arguing that Appellant fails to state a substantial question. Commonwealth's Brief at 5.

To the extent Appellant complains that the trial court imposed an aggravated-range or manifestly excessive sentence without considering mitigating circumstances, a substantial question exists. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1272–1273 (Pa. Super. 2013) (*en banc*) ("The substantial question . . . is an 'excessive sentence claim in conjunction with an assertion that the court did not consider mitigating factors.'"). Similarly, insofar as Appellant claims that the trial court imposed an aggravated-range sentence based on incorrect or impermissible factors, a substantial question exists. ***See Commonwealth v. Stewart***, 867 A.2d

589, 592 (Pa. Super. 2005) ("Based on [a]ppellant's assertion that the sentencing court considered improper factors in placing the sentence in the aggravated range, we conclude that [a]ppellant presents a substantial question on appeal."). Thus, we grant Appellant's petition for allowance of appeal with regard to his first issue and review its merits.

Our standard of review is well-settled:

"[I]mposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa. Super. 2002) (citation omitted). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* (citation omitted). "If the sentence is 'not unreasonable,' the appellate court must affirm." *Id.* (citation omitted).

*Commonwealth v. Simpson*, 829 A.2d 334, 336 (Pa. Super. 2003). A sentencing court "is required to consider the particular circumstances of the offense and the character of the defendant." *Griffin*, 804 A.2d at 10. "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

Appellant complains that the trial court relied upon erroneous or improper factors in sentencing Appellant within the aggravated range of the sentencing guidelines for the homicide-by-vehicle (DUI) conviction. Appellant's Brief at 21. Specifically, Appellant claims the trial court erroneously believed that Appellant was on bail from the controlled-

substance offense when the fatal vehicle accident occurred, it wrongly characterized Appellant as having no respect for authority, and it failed to provide adequate reasons for the aggravated-range sentence. Appellant's Brief at 25–28.

Our review of the record suggests a basis for Appellant's position. At the sentencing hearing, the trial court stated:

> And the sentence of this court in [the homicide by vehicle while DUI] case will be that you are to be incarcerated in the state correctional [institution] for a minimum period of time which shall be 4 years to a maximum which shall be 8 years. That sentence falls in the aggravated range of the sentencing guidelines. And it is above the mandatory minimum [of three years]. **And that is due to the fact that I find that this was -- this charge was committed while you were on bail on the prior felony charges that involve the sale of drugs.** Although one plea, nevertheless, I considered the two different dates that factored into that. **But insofar as the aggravated range of this case, the fact that it was committed while you were on bail.** And secondly, that I do not accept that you are truly remorseful for your conduct here.

N.T., 12/7/16, at 38 (emphases supplied). In its opinion to this Court, however, the trial court justified the aggravated-range sentence as follows:

> [Appellant] also asserts that the court relied on incorrect and impermissible factors in sentencing him in the aggravated range. First, he asserts that the court incorrectly believed that he was on bail at the time of committing the homicide by motor vehicle charge. While [Appellant] is correct that this court was mistaken in believing that he had already been arrested for the delivery of a controlled substance charges and was released on bail when he committed the homicide by motor vehicle, he is incorrect that this was the only factor that led the court to sentence him in the aggravated range. **As this court stated at the time of sentencing, it considered many factors in imposing sentence here, including [Appellant's] lifelong disrespect for authority, his failure to complete the PATH**

- 7 -

**program while released on bail in this case, his failure to comply with the condition of his bail that he refrain from driving a motor vehicle, and his defiance with this court when confronted with this violation.**.... **[Appellant's] conduct while a student demonstrated to the court that [Appellant's] lack of respect for authority, which he exhibited while in school, continued up to the time of the current crimes and even in his inability to comply with the terms of his release on bail.**

Trial Court Opinion, 3/17/17, at 7–8 (emphases supplied).

Cognizant of our standard of review, we discern no abuse of the trial court's discretion in imposing an aggravated-range sentence. Although the trial court was wrong about Appellant's bail status, it carefully considered numerous appropriate factors in fashioning Appellant's sentence, all of which are supported by the record. Trial Court Opinion, 3/17/17, at 7–8; N.T., 12/7/16, at 33–37. Moreover, as discussed below, the trial court had the benefit of a presentence investigation report ("PSI"). Thus, we conclude that Appellant is not entitled to relief on this claim.

Appellant also contends that the trial court failed to consider mitigating factors. Specifically, Appellant identifies the following: he came from a broken home in a violent neighborhood; from an early age, he provided emotional and familial support to his single mother and siblings; he suffered from emotional and learning disabilities; he developed an opioid addiction at age fourteen; he provided emotional and financial support to the victim and her daughter; he did not have a juvenile record; he completed court-ordered treatments and voluntarily participated in other drug treatment programs;

he produced clean drug screens while on bail; he took responsibility for the accident and pled guilty to the most serious charges; and he expressed remorse for his conduct. Appellant's Brief at 29–32.

An assertion that the trial court did not consider mitigating factors is often an assertion that the court did not accord the factors the weight that the defendant wished. *Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017); *accord Commonwealth v. Raven*, 97 A.3d 1244, 1255 (Pa. Super. 2014) ("The gist of Raven's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the court weighed those factors in a manner inconsistent with his wishes."). Moreover, where the sentencing judge has the benefit of a PSI, "it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016); *see also Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) ("Our Supreme Court has determined that where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

With respect to Appellant's proffered mitigating factors, the trial court received and reviewed five letters on behalf of Appellant in advance of the

sentencing hearing. N.T., 12/7/16, at 21. Moreover, the trial court heard testimony at the sentencing hearing from Appellant's sister and his mother, as well as argument from Appellant's counsel, regarding Appellant's remorse, his addiction, his attempts to obtain treatment, and his acceptance of responsibility. *Id.* at 23–31. The trial court also heard from Appellant. *Id.* at 31–32. The trial court had the benefit of a PSI. From the bench, the trial court explained the difficulty of the case from a sentencing perspective and, contrary to Appellant's claim, provided reasons for its sentence. *Id.* at 32–37. Finally, the trial court advises us that:

> [it] considered everything in [Appellant's] extensive pre-sentence investigative file. The court considered all of this information as well as the testimony at the sentencing hearing and weighed it against the mitigating factors in sentencing [Appellant] in the aggravated range. [Appellant] has not indicated what information the court failed to consider that would have changed the sentence here.

Trial Court Opinion, 3/17/17, at 7.

Based on the foregoing, Appellant's mitigation argument does not persuade us that the trial court abused its discretion in imposing an aggravated-range sentence. Armed with a PSI, the court considered the above mitigating factors in the context of a fatal DUI-related car accident; it simply did not accord those facts the weight Appellant desired. Accordingly, Appellant's claim does not warrant relief.

Appellant's second issue challenges the trial court's imposition of consecutive sentences on the homicide-by-vehicle (DUI) and possession

convictions as resulting in a manifestly excessive sentence. Appellant's Brief at 33. This issue does not appear in Appellant's Rule 2119(f) statement and, therefore, could be deemed waived. However, because the Commonwealth does not object to its omission, we address it. *See Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) (quoting *Commonwealth v. Robinson*, 931 A.2d 15, 19–20 (Pa. Super. 2007) ("If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim.")).

This Court has recognized for years that 42 Pa.C.S. § 9721(a) affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed, and that a challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question to justify this Court's review. *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005) (citing *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995)). However, a substantial question exists where an appellant challenges the imposition of his consecutive sentences as unduly excessive together with his claim that the court failed to consider mitigating factors upon fashioning its sentence. *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015). Thus, we grant Appellant's

petition for allowance of appeal with regard to his second issue and proceed to the merits.

In support of his second issue, Appellant reasserts his claims that the trial court relied on an erroneous belief about his bail status and did not consider mitigation. Appellant's Brief at 35. Appellant adds that the trial court failed to consider the rehabilitative needs of Appellant, an opioid addict. *Id.* According to Appellant, "[i]mposing consecutive sentences, in the present matter, satisfies none of the goals or general principles of the Sentencing Code and Guidelines. The sentence, as a whole, results in being purely punitive." *Id.* at 36.

> The trial court justified the consecutive sentences as follows:
>
> [Appellant] here committed two distinct deliveries of a controlled substance in August and September of 2015, as well as the homicide by motor vehicle while driving under the influence on November 27, 2015. As the court stated when imposing sentence, these were two separate and serious crimes and it is tragic and ironic that the use of drugs caused the homicide by motor vehicle charge to occur. In light of the serious criminal conduct committed by [Appellant] at different times, consecutive sentences were appropriate here.

Trial Court Opinion, 3/17/17, at 8–9.

Reviewing for an abuse of discretion, we observe none. The trial court carefully considered the gravity of Appellant's two possession offenses and his homicide-by-vehicle (DUI) offense, his addiction, his conduct before and after the fatal accident, the protective needs of the community, and the impact of Appellant's crimes on the victim's family. N.T., 12/7/16, at 33–

37; Trial Court Opinion, 3/17/17, at 4, 6–9. The DUI offense merged with the homicide-by-vehicle (DUI) offense for sentencing purposes, and the drug sentence fell "in the high end of the standard range because the amount of drugs involved indicates that [Appellant] was not a small time user dealing to support his own habit. . . ." Trial Court Opinion, 3/17/17, at 4. Based on the foregoing, we conclude that Appellant's sentence is not excessive or unreasonable in light of the crimes committed and the sentencing court's consideration of the individual circumstances of this case.

Although Appellant raised substantial questions concerning the sentences imposed, after review, we conclude there is no merit to his claims and no relief is due. The sentences were not manifestly excessive, and the trial court did not abuse its discretion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2017

- 13 -